UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,       )  Case No. **CIV-RYSKAMP**
                                )
              Plaintiff,        )  Magistrate Judge
                                )
vs.                             )  *MAGISTRATE JUDGE*
                                )  *VITUNAC*
$215,415.00 IN UNITED STATES    )
CURRENCY                        )
                                )
              Defendant(s).     )
_____ )

### Complaint For Forfeiture <u>In</u> <u>Rem</u>

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the Southern District of Florida, hereby files this complaint for forfeiture and alleges as follows:

1.   This is a civil action for forfeiture <u>in</u> <u>rem</u> of $215,415.00 in United States currency located in Palm Beach County, Florida.  Jurisdiction is vested in this Court pursuant to Title 28, United States Code, Sections 1345, 1355 and 2461.

2.   This Court has venue pursuant to Title 28, United States Code, Section 1395 in that the defendant currency is located within the Southern District of Florida and the action upon which the forfeiture is based occurred in the Southern District of Florida. During the pendency of these proceedings, the defendant currency will remain within the Southern District of Florida and the

jurisdiction of this Court.

3.    The United States seeks forfeiture of the defendant currency pursuant to Title 21, United States Code, Section 881 (a)(6) on the grounds that such property was used or intended to be used to facilitate the illegal trafficking of a controlled substance, i.e., cocaine, a Schedule II Controlled Substance as defined in Title 21, United States Code, Sections 802 and 812, or are proceeds traceable to such trafficking.

4.    In support of probable cause to forfeit the defendant currency, the United States asserts as follows:

a.    On September 25, 2002, Aldo Agustin CAMPI was arrested pursuant to a complaint that charged him with one count of distribution of cocaine in violation of 21 U.S.C. § 841(02-CR-20852-GOLD).   An information with the same charge was filed on October 10, 2002.   On November 5, 2002, CAMPI, pursuant to a written Plea agreement, pled guilty to the charge.

b.    Pursuant to the Plea Agreement (Exhibit "1"), Campi agreed that the defendant currency was proceeds he obtained directly or indirectly as a result of, and/or constitutes property used or intended to be used to facilitate the violation of 21 U.S.C. §841(a)(1).   Thus, he agreed that the defendant properties were, forfeit to the United States.   He further waived all rights, title, and interest, regardless of their nature or form, in the defendant property.

2

5.  By virtue of the foregoing, and pursuant to the provisions of Title 21, United States Code, Section 881(a)(6), the defendant currency has become and is forfeit to the United States of America.

WHEREFORE, the United States of America requests that process in due form of law, according to the procedures of the Court in causes of action in rem, and in accordance with the provisions of Rule C(3), Supplemental Rules for Certain Admiralty and Maritime Claims, issued against the defendant currency, as described above, and that any person or persons having any interest therein be cited and directed to appear herein and answer the Complaint, and that this Court decree the condemnation and forfeiture of the defendant currency to the United States of America, and that plaintiff receive such other and further relief as may be just and proper.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

BY: _____
MARK W. LESTER
Assistant U. S. Attorney
500 Australian Avenue
West Palm Beach, Florida 33401
Fla. Bar No. 851620
TEL.(561) 820-8711
FAX.(561) 659-4526

3

<u>VERIFICATION</u>

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that I, Mark Lester, Assistant United States Attorney, have read the foregoing Complaint for Forfeiture <u>In</u> <u>Rem</u>, and that the contents thereof are true and accurate to the best of my knowledge and belief.

_____
Mark Lester
Assistant U.S. Attorney

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20852-Cr-GOLD

FILED by ___ D.C.

NOV 0 5 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

ALDO AUGUSTIN CAMPI,

       Defendant.

_____/

### PLEA AGREEMENT

The United States of America and ALDO AUGUSTIN CAMPI (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to count one of the information filed in the above styled case. In summary, count one charges the defendant with knowingly and intentionally possessing with intent to distribute 500 grams or more of cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii). Additionally, the defendant acknowledges that on May 2, 1995, in Georgia, he was convicted of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and that he is currently on federal probation.

2. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the applicable guideline range and impose a sentence that is either more severe or less



GOVERNMENT
EXHIBIT
1

23 A

severe than the guideline range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court must impose a statutory minimum term of ten (10) years imprisonment and may impose a statutory maximum term of up to life followed by a five year term of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $4 million dollars and may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government,

or the probation office, is a prediction, not a promise, and is not binding on the government. the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing. whether pursuant to this agreement or otherwise. is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

7.    The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

a. Controlled Substance and Quantity: That, pursuant to Section 2D1.1(a)(3), the instant offense involved at least 2 KG but less than 3.5 KG of cocaine.  Consequently, the base offense level  indicated is 28.

b. Specific Offense Characteristics: That the offense characteristics listed in Section 2D1.1(b)(1)-(5) are inapplicable to this case.[1]

c. Role in the Offense: That the defendant should not receive an adjustment. either upward or downward, for his role in the offense.

8.  The United States agrees that it will recommend at sentencing that the Court reduce the

---

[1] Specifically, the United States and the defendant agree to recommend that no dangerous weapon was possessed by the defendant, (2D1.1(b)(1)); the defendant did not import or export a controlled substance as an officer aboard an aircraft or vessel or use any non-commercial flight, (2D1.1(b)(2)); the object of the offense was not to distribute a controlled substance in a prison, correctional facility or detention facility, (2D1.1(b)(3)); and, this offense did not involve methamphetamine. (2D1.1(b)(4)).

sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement other than at the time of his arrest; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. Moreover, should the defendant violate any of the conditions in this paragraph, including but not limited to making any misrepresentations in connection with this agreement, the defendant acknowledges that the United States may, at its option, void this entire agreement or any portion thereof and may use any statements or evidence provided by the defendant against the defendant in any proceeding.

9. The United States and the defendant agree that no other adjustments pursuant to chapter 3 of the Sentencing Guidelines are applicable and, that neither the United States nor the defendant will seek an upward or downward departure from the otherwise applicable guidelines range. The United States further agrees not to object to a motion by the defendant to have the sentence in the instant case run concurrent to any sentence imposed for a violation of the defendant's federal probation. Additionally, the United States agrees to recommend a sentence at the low end of the guidelines range so long as the defendant abides by all conditions of this plea agreement.

10.    The defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to any and all assets, and/or their substitutes which are

4

subject to forfeiture pursuant to 21 U.S.C. § 853.  Those assets include:

A.    $125,795.00 in United States currency seized on or about September 25, 2002 from a white 2000 Toyota Camry automobile, bearing Florida tag #PH49B and VIN: 4T1BG22K3YU971704;

B.    $89,620.00 in United States currency seized on or about September 25, 2002 from 2415 NW 4th Street, Miami, Florida.

1.    The defendant agrees that the above referenced property constitutes proceeds the defendant obtained directly or indirectly as a result of, and/or constitutes property used or intended to be used, to facilitate the violation of 21 U.S.C. § 841(a)(1) to which he is pleading guilty.

2. The defendant hereby waives all rights, title and interest, regardless of their nature or form, in all property set forth in the forfeiture count of the information.

3.  The defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited asset.

11.    The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed or to appeal the manner in which the sentence was imposed unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement

5

shall affect the United States' right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although the defendant will be sentenced in conformity with the Sentencing Guidelines, by this agreement, the defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentencing Guidelines.

12. The defendant hereby acknowledges that he is aware that entering into this agreement may affect his immigration status and may subject him to deportation.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

Date: 11/5/02          By: _____
                           JUAN A. GONZALEZ, JR.
                           ASSISTANT UNITED STATES ATTORNEY

Date: 11/5/02          By: _____
                           JAY LEVINE, ESQ.
                           ATTORNEY FOR DEFENDANT

Date: 11/5/02          By: _____
                           ALDO AUGUSTIN CAMPI,
                           DEFENDANT

6

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$215,415.00 in United States Currency

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
United States Attorney's Office
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
(561) 820-8711

ATTORNEYS (IF KNOWN)

04-8009

## CIV-RYSKAMP
## MAGISTRATE JUDGE
## VITUNAC

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | PERSONAL INJURY | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | | PERSONAL INJURY | B [ ] 810 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | B [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | B [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | [ ] 368 Asbestos Personal Injury Product Liability | B [ ] 630 Liquor Laws | A PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | B [ ] 640 R.R & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| B [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 810 Selective Service |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| B [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | [ ] 891 Agricultural Acts |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | A [ ] 530 General | | FEDERAL TAX SUITS | |
| [ ] 240 Torts to Land | | A [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | A [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | B [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | A [ ] 550 Civil Rights B [ ] 555 Prison Condition | | | [ ] 890 Other Statutory Actions A OR B |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title 21, USC, Sections 881(a)( 6)

LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE Alan S. Gold

DOCKET NUMBER 02-20852-CR-Gold

DATE 1/15/03

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

04-80039-CV-RYSKAMP/ VITUNAC

This form was electronically produced by Elite Federal Forms, Inc.